**In re Anonymous No. 23 D.B. 87**

Disciplinary Board Docket no. 23 D.B. 87.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

POWELL, *Member,* April 30, 1993—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## HISTORY OF PROCEEDINGS

The petitioner, [    ], was suspended from the practice of law in Pennsylvania for a period of four years by Supreme Court order on September 1, 1988 retroactive to April 7, 1987. Petitioner was suspended following his plea of guilty to two counts of mail fraud.

On March 25, 1992, petitioner filed a timely petition for reinstatement to the Pennsylvania bar.

The matter was referred to Hearing Committee [    ], which held a hearing on the matter on July 22, 1992 and recommended in its November 9, 1992 report that the petition for reinstatement be granted.

The Office of Disciplinary Counsel did not file exceptions to the Hearing Committee report.

The matter was adjudicated at the December 17, 1992 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## FINDINGS OF FACT

The board adopts the findings of fact made by the Hearing Committee.

(1) Petitioner is 35 years of age and resides at [    ].

Petitioner resides with his wife and four children, who range in age from 10 to one, and his mother-in-law. Petitioner was initially admitted to the Bar of Pennsylvania in November 1981. During the year 1983 petitioner, while participating in a business enterprise of [A] Company Inc., owned by petitioner's wife's stepfather, engaged in conduct of check kiting during a three-month period involving in excess of 200 checks in an aggregate amount of more than $1 million. As a consequence of petitioner's conduct, approximately $100,000 in losses were incurred.

(2) As a consequence of petitioner's conduct, he voluntarily pleaded guilty to two counts of mail fraud in the United States District Court for the [    ] District of Pennsylvania. Said charges were filed to *U.S. v. [Respondent],* Criminal no. [    ].

(3) On March 23, 1987 petitioner was sentenced by the Honorable [B], Judge of the United States District Court, in the above-captioned criminal case to a period of incarceration of five years on Count One of the information against him. However, that sentence was suspended and petitioner was placed on probation for a period of 18 months. As to Count Two of petitioner's information, he was sentenced to serve a period of 18 months' probation, to run concurrently with the probation established as to Count One against him, and to serve 100 hours of community service.

(4) As the result of petitioner's conviction of mail fraud, pursuant to disciplinary proceedings, on September 1, 1988 petitioner was suspended from the practice of law of for four years by order of the Supreme Court of Pennsylvania, which suspension became effective on April 7, 1987, retroactively. The terms of suspension imposed by the Supreme Court of Pennsylvania expired on April 6, 1991.

(5) Petitioner acknowledges that he engaged in wrongful conduct consisting not only of criminal acts but violations of the Code of Professional Conduct governing attorneys at law who practice in the Commonwealth of Pennsylvania.

(6) Petitioner acknowledges that the disciplinary disposition by the Supreme Court of Pennsylvania imposing a four-year suspension constituted fair treatment of him under the circumstances.

(7) Following the date of petitioner's suspension from the practice of law, effective on April 7, 1987, petitioner complied with all rules of the Supreme Court of Pennsylvania with respect to providing notices to his clients of his suspension.

(8) Immediately upon his suspension from the practice of law, petitioner ceased the practice of law and arranged for his files to be returned to clients or transferred to other lawyers.

(9) Since the time of his suspension from the practice of law, petitioner has not engaged in any violations of the Criminal Code.

(10) In preparation for an application for reinstatement to the bar of the Supreme Court of Pennsylvania, petitioner has completed certain mandatory courses relating to a variety of categories of legal subjects provided by the Pennsylvania Bar Institute Continuing Legal Education Program.

(11) Since his suspension from the practice of law, petitioner has been engaged in a series of rehabilitative behaviors, consisting of the following:

(A) Petitioner enrolled in a Master's of Business Administration program at [    ] University where he graduated summa cum laude, May 1981.

(B) Petitioner served as an instructor on behalf of [    ], [    ] Campus, by teaching a paralegal course in corporations and partnerships at [    ] Prison during the summer of 1990.

(C) Petitioner served as an adjunct instructor for two terms in the spring and summer of 1992 at the [    ] Community College, teaching courses in business, business law, financial accounting, introduction to accounting,

managerial accounting, marketing, and small business management.

(D) On February 18, 1992, petitioner submitted an application to undertake a certified public accountant examination for the Commonwealth of Pennsylvania. He initially applied for the examination to be conducted in May 1992 but deferred the application until November 1992.

The application for certified public accountant examination includes the following question, number 6:

(a) Within the past three years: (i) Has your right to practice accounting been denied, revoked or suspended by any state or federal agency; and (ii) Has your firm or professional corporation of which you were at any time a principal in the subject of any disciplinary proceeding brought by any state or federal agency?

(b) Within the past three years: Have you been convicted of or pleaded guilty or nolo contendere to a felony or misdemeanor?

Petitioner responded "no" to both of the above questions.

(E) Petitioner testified that upon answering question no. 6 of the application for the certified public accountant examination, he interpreted the question as inquiring whether he had been suspended during a three-year period immediately prior to submitting the application.

(F) Upon cross-examination by disciplinary counsel, petitioner conceded that question no. 6 may be interpreted to inquire whether petitioner had been on a suspended status within three years of submitting the application rather than an actual suspension having been imposed during the three-year period.

The day following the reinstatement hearing of July 22, 1992 before this committee, petitioner wrote a letter to the State Board of Accountancy dated July 23, 1992, elaborating upon his response to questions no. 6a and 6b and informing the State Board of Accountancy of his suspension from the practice of law and specifically inquiring as to his eligibility to take the November examination. By letter dated August 12, 1992, the State Board of Accountancy acknowledged receipt of petitioner's letter of July 23, 1992 and acknowledged that his response to question 6 was technically correct and that the board was required by law to make a determination of the petitioner's "good moral character." The State Board of Accountancy instructed petitioner to send documentation evidencing his reinstatement to the Pennsylvania bar.

(G) [C], Esq., a practicing attorney in the Commonwealth of Pennsylvania for 43 years, and the titular head of the law firm of [D], testified that petitioner was employed by the law firm as a paralegal, that the members of the law firm were familiar with the circumstances of petitioner's suspension, and that in the event petitioner was reinstated to the practice of law, the law firm had determined to offer petitioner a position with the firm as an associate. [C] emphasized the requirement of its firm to maintain a reputation for ethical conduct and he believed that petitioner's ultimate association with the firm would in no way reflect adversely upon the firm, notwithstanding his prior conduct. [C] testified that petitioner has properly conducted himself since his suspension and that petitioner never blamed any third party for the difficulties he had incurred.

(H) [E], Prothonotary for [    ] County, testified he had known petitioner for 20 years and that he was familiar with the circumstances of petitioner's suspension. [E] stated that petitioner has conducted himself in a trustworthy manner since the suspension and that he believed petitioner's involvement in the check-kiting scheme was an isolated episode. [E] emphasized that petitioner has agonized over his past misconduct and that petitioner regrets his misconduct and the embarrassment that it has caused his family.

(I) [F], an attorney who has practiced law for eight years, testified he has known petitioner for the past six years, that he was familiar with the circumstances of petitioner's suspension, and that petitioner was extremely remorseful with respect to his misconduct. [F] stated that he was a shareholder of the law firm of [D] and that all members of the firm reviewed petitioner's past history as well as his conduct since the suspension and were convinced that petitioner had demonstrated exemplary conduct over the past several years, and the firm was prepared to offer petitioner an associate position in the event of reinstatement.

(J) [G], wife of petitioner, testified that she had been married to petitioner for 14 years, that he was a devoted husband and father, and that notwithstanding his suspension, petitioner dedicated himself to supporting his family and pursuing additional education. [G] emphasized that petitioner had always taken full responsibility for his misconduct and that he had engaged in a constant course of rehabilitative behavior, including church activities.

## CONCLUSIONS OF LAW

The misconduct for which petitioner was suspended is not so egregious as to preclude immediate consideration of his petition for reinstatement.

Petitioner has sustained his burden of proving that he possesses the moral qualifications, competency, and learning in the law required by a member of the Pennsylvania Bar.

Petitioner's resumption of the practice of law will not subvert the interests of the public nor the integrity of the bar.

## DISCUSSION

The sole question before this board is whether the petition for reinstatement of a lawyer who entered a plea of guilty to two counts of mail fraud and subsequently expressed remorse and kept himself current in the law during the period of his suspension should be granted.

We note from the outset that the Hearing Committee recommended petitioner's reinstatement, that the Office of Disciplinary Counsel filed no exceptions in this matter, and that petitioner's disciplinary record was unblemished prior to this incident. We also note that, as always, we are charged with reaching a conclusion which will not compromise the interests of the public nor infringe upon the integrity of the bar.

A reasonable starting point in this matter is a look at an earlier case involving mail fraud by a member of the Pennsylvania Bar. Petitioner [H] was reinstated to the bar after numerous convictions for mail fraud, fraudulent lot sales, and the offering of materially untrue statements to the Office of Housing and Urban Development. *In re [H]*, 49 D.&C.3d 298 (1988). [H] demonstrates that, while mail fraud is certainly a serious and criminal violation of the law, it is not so intrinsically wrong as to preclude the reinstatement of an offender. We are

convinced that, likewise, petitioner's misconduct, while a serious infraction of the law, should not hamper his bid for reinstatement.

Petitioner bears the burden of demonstrating that his resumption of the practice of law will not compromise the public, the bar, or the administration of justice. See Rule 218(c)(3)(i), Pa.R.D.E. We will outline the reasons why we believe petitioner has met his burden.

Numerous witnesses appeared before the Hearing Committee and attested to petitioner's favorable legal skills, diligent work habits, and sincere remorse. Furthermore, several members of the bar have extended petitioner offers of employment should his bid for reinstatement be successful, further evidence that he is highly regarded and respected for both his character and his legal skills.

Petitioner has fulfilled his requirements under Disciplinary Board Rule §89.279 to complete a variety of Pennsylvania Bar Institute Continuing Legal Education courses. He has also kept current in the law through his work as a paralegal and researcher for practicing members of the bar.

Additionally petitioner earned further education through enrollment in a Master of Business Administration program, from which he graduated summa cum laude. He also served as an adjunct instructor at [     ] Community College, teaching law- and business-related courses, and has submitted an application to sit for the certified public accountant examination. (It is incumbent upon us to note at this juncture that we find totally without merit the Office of Disciplinary Counsel's claim that petitioner answered one of the questions on his CPA application in a less than honest way. As correctly stated by the Hearing Committee, petitioner's responses to queries about his right to practice account-

ing and criminal conduct three years prior to submission of the CPA application were accurate and true. We must again mention that although the Office of Disciplinary Counsel mentioned this potential concern, no exceptions to the recommendation of reinstatement were filed.)

Finally, we note the aberrational nature of petitioner's misconduct and his sincere remorse, both of which we consider relevant to the issue of his reinstatement.

Because petitioner has fulfilled his educational obligations, expressed sincere remorse, and presented favorable character testimony, we are convinced that he has sustained his burden of proving he is fit for reinstatement to the Pennsylvania bar. We therefore recommend that the instant petition be granted.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [      ], be reinstated to the practice of law. The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Members Hill, Kerns and Flaherty did not participate in the adjudication.

## ORDER

And now, May 25, 1993, upon consideration of the report and recommendations of the Disciplinary Board dated April 30, 1993, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.